IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs May 22, 2007

### STATE OF TENNESSEE v. RICHARD YARBROUGH

**Direct Appeal from the Criminal Court for Knox County**
**No. 80426     Richard R. Baumgartner, Judge**

**No. E2005-02659-CCA-R3-CD - Filed October 15, 2007**

The defendant, Richard Yarbrough, was convicted by a Knox County jury of the sale of less than 0.5 grams of cocaine, the delivery of less than 0.5 grams of cocaine, and possession of drug paraphernalia.  The convictions for sale and delivery were merged, and the defendant was subsequently sentenced to eleven years for that conviction and eleven months and twenty-nine days for the paraphernalia conviction, with the sentences to run concurrently.  On appeal, he contends that:  the evidence was insufficient to convict him for the sale and delivery of cocaine because the sale was incomplete; the trial court erred in allowing a bag containing rock cocaine-like pieces of evidence to be introduced during trial; and the trial court erred in sentencing.  After review, we conclude that no error exists and affirm the judgment from the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and ALAN E. GLENN, JJ., joined.

Kristi M. Davis, Knoxville, Tennessee, for the appellant, Richard Yarbrough.

Robert E. Cooper, Jr., Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; Randall E. Nichols, District Attorney General; and Ta Kisha Fitzgerald and Marsha Mitchell, Assistant District Attorneys General, for the appellee, State of Tennessee.

### OPINION

On May 21, 2004, a  Knoxville Police Department undercover officer was flagged down by the defendant while the officer was driving.  The defendant approached the officer's vehicle and asked the officer what he wanted.  The officer told the defendant he wanted a "20," which he testified was slang for one crack cocaine rock.  The defendant returned with a crack rock in exchange for money.  He testified that he gave the defendant seventeen or eighteen dollars and that, after he counted the money, the defendant said, "Wait a second.  That's not enough."  The officer got out of his vehicle, took off his hat, and placed the defendant in handcuffs.  He called for backup and, when

additional officers arrived, the defendant was placed inside a marked patrol car. The officer then discovered a plastic bag containing several white rocklike substances in the area where the defendant had been seated. The officer field-tested the rock sold to him by the defendant, as well as the rocks in the bag. The rock sold to him field-tested positive for cocaine, but the rocks from the bag did not contain cocaine. The officer acknowledged that he found no money or weapons on the defendant's person or in the area where he seemed to retrieve the purchased crack rock.

An agent with the Tennessee Bureau of Investigation testified that he tested both the purchased crack rock and the rocks from the bag. He said the crack rock contained cocaine base in the amount of 0.08 grams, and the rocks in the bag did not contain any controlled substance.

The defendant's mother testified that the defendant had a substance abuse problem for thirty years, since the age of eighteen, but he had never been a drug dealer because she had never seen him with "lots of money . . . flashy clothes or flashy jewelry." She said that the defendant was employed periodically.

The jury subsequently found the defendant guilty of the sale and delivery of less than 0.5 grams of cocaine and possession of drug paraphernalia.

During the sentencing hearing, the trial court determined the defendant to be a persistent offender with five prior felonies and numerous misdemeanor convictions. The court found applicable the enhancement factor that the defendant had criminal convictions in addition to those necessary to establish his range and, additionally, that his probation had previously been revoked. In mitigation, the court found that the amount of cocaine involved in the transaction was a small amount. The trial court imposed a sentence of eleven years in the Department of Correction.

Analysis

On appeal, the defendant argues that: (1) the evidence was insufficient to support the jury finding him guilty of the sale and the delivery of cocaine; (2) the trial court improperly allowed the bag containing the rock cocaine-like substance to be introduced despite the fact that it had tested negative for drugs; and (3) the court improperly sentenced him to eleven years in the Tennessee Department of Correction. We will analyze each issue separately.

First, we consider whether the evidence was sufficient to support a finding that the defendant was guilty of the sale and delivery of less than 0.5 grams of cocaine. When an accused challenges the sufficiency of the evidence, this court must review the record to determine if the evidence adduced during the trial was sufficient "to support the finding by the trier of fact of guilt beyond a reasonable doubt." Tenn. R. App. P. 13(e). This rule is applicable to findings of guilt predicated upon direct evidence, circumstantial evidence, or a combination of direct and circumstantial evidence. State v. Brewer, 932 S.W.2d 1, 18 (Tenn. Crim. App. 1996).

In determining the sufficiency of the evidence, this court does not reweigh or reevaluate the evidence. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). Nor may this court substitute its inferences for those drawn by the trier of fact from circumstantial evidence. Liakas v. State, 199 Tenn. 298, 305, 286 S.W.2d 856, 859 (1956). To the contrary, this court is required to afford the State the strongest legitimate view of the evidence contained in the record as well as all reasonable and legitimate inferences which may be drawn from the evidence. State v. Elkins, 102 S.W.3d 578, 581 (Tenn. 2003).

The trier of fact, not this court, resolves questions concerning the credibility of the witnesses, the weight and value to be given the evidence, as well as all factual issues raised by the evidence. Id. In State v. Grace, the Tennessee Supreme Court stated that "[a] guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State." 493 S.W.2d 474, 476 (Tenn. 1973).

Because a verdict of guilt removes the presumption of innocence and replaces it with a presumption of guilt, the accused has the burden in this court of illustrating why the evidence is insufficient to support the verdict returned by the trier of fact. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982); Grace, 493 S.W.2d at 476.

Here, the defendant argues that there was no sale of the rock cocaine. He contends that there was no bargained for offer and acceptance of a certain price of money. His argument is that the "sale" was never completed because the undercover officer did not pay the full twenty dollars. The State argues that the defendant was charged with both the sale and delivery of cocaine and that the jury was properly instructed as to the elements of both offenses. Our review reflects that the State is correct and, further, that there was sufficient evidence to conclude that the defendant was guilty of the convicted conduct. The officer testified that the defendant approached him and offered to get him what he "wanted." After the officer indicated he wanted rock cocaine, the defendant delivered the cocaine under the belief that he would receive a certain sum. The State argues and we agree that the defendant receiving less money than he expected does not invalidate the transaction. There was an offer to buy drugs, an acceptance of the offer, and a delivery of the drugs. All the elements of the transaction are satisfied. The defendant has not provided any authority to support his position that the transaction was incomplete because it was a few dollars less than the initial offer. Therefore, we conclude the evidence was sufficient to support a finding that the defendant was guilty of the sale and delivery of cocaine.

Next, the defendant argues that the trial court erred in allowing the State to introduce the bag containing the rock like substance. The defendant contends that the bag was not relevant and should have been excluded. The State argues that the trial court properly included the evidence because it was "all part and parcel of this transaction" and was admissible to show that the defendant was engaged in the sale of cocaine. The State contends that the bag was evidence that his sale of drugs to the officer was more than a casual exchange.

Tennessee Rule of Evidence 401 provides that "relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. The defendant contends that the bag was not relevant but argues that, even if it were relevant, its probative value is outweighed by the danger it presents as unfairly prejudicial to the defendant. The evidence at trial reflects that the bag was found near where the defendant was seated after his arrest. The presence of the crack rocklike substance near where the defendant had been sitting allows an inference that the bag and its contents were in his possession at the time of his arrest. The State argues that the defendant had the crack rocklike substances because he was engaged in the sale of counterfeit drugs. We do not go that far in our assessment, but it is permissible to believe he had the bag and its contents in furtherance of his activities in selling crack cocaine. The bag and its contents were relevant and were properly admitted as "part and parcel of this transaction" where the defendant was soliciting customers to purchase crack rocks.

Finally, the defendant contends that the court erred in sentencing him to eleven years in the Department of Correction. The trial court found the defendant to be a Range III, persistent offender with a minimum sentence in the range of ten years. See Tenn. Code Ann. § 40-35-112(c)(3). The record reflects that the trial court considered the presentencing report, testimony elicited during the sentencing hearing including testimony from the defendant, and the facts as presented during the trial. The trial court found the defendant had criminal convictions, as well as five prior felony convictions, which made him a persistent offender under Tennessee Code Annotated section 40-35-114(1). The trial court also found that enhancement was justified under Tennessee Code Annotated section 40-35-114(8), because the defendant had a "previous history of unwillingness to comply with the conditions of a sentence involving release into the community" due to a conviction of violation of federal probation in 2000 and probation revocations in 1990 and 1993.

The defendant specifically contends that the trial court failed to apply a mitigating factor after enhancing his sentence based on his prior conduct. He argues that the trial court should have mitigated his sentence because he expressed remorse and accepted responsibility for his actions. However, he now seeks less than full punishment in the form of a shorter sentence. The weight given to each enhancement or mitigating factor is in the discretion of the trial court, assuming the trial court has complied with the purposes and principles of the sentencing act and its findings are supported by the record. State v. Madden, 99 S.W.3d 127, 138 (Tenn. Crim. App. 2002). The statutes prescribe no particular weight for an enhancement or mitigating factor. State v. Gosnell, 62 S.W.3d 740, 750 (Tenn. Crim. App. 2001). "[A] defendant's 'sentence is not determined by the mathematical process of adding the sum total of enhancing factors present then subtracting from this figure the mitigating factors present for a net number of years.'" State v. Alder, 71 S.W.3d 299, 306 (Tenn. Crim. App. 2001) (quoting State v. Boggs, 932 S.W.2d 467, 475 (Tenn. Crim. App. 1996)). Here, the record supports that the trial court has complied with the purposes and principles of the sentencing act and that the sentence is supported by the record. We find no error, and we affirm the sentence imposed by the trial court.

The defendant also argues that the trial court erred by denying community corrections. However, the defendant never offered an argument for a community corrections sentence during the sentencing process. Instead, he argued for split confinement and probation. The defendant argues for community corrections for the first time on appeal. The defendant's brief includes the pertinent provisions for eligibility for community corrections as they are codified at Tennessee Code Annotated section 40-36-106(a)(1) and argues that the defendant "meets all the foregoing criteria," making him eligible for community corrections. The defendant apparently overlooked his past felony convictions for a weapons offense, a robbery by use of a deadly weapon, and an arrest for aggravated assault. These prior criminal offenses would potentially render him ineligible for community corrections based on Tennessee Code Annotated sections 40-36-106(a)(1)(E) and (F) which provide, respectively, eligibility for persons who (E) do not demonstrate a present or past pattern of behavior indicating violence and (F) do not demonstrate a pattern of committing violent offenses. While the underlying offense did not include violence, the defendant's prior criminal record certainly indicates that he has engaged in violent criminal activities. Therefore, we conclude that he is not entitled to relief on this issue.

Conclusion

Based on the foregoing and the record as a whole, we affirm the judgment from the trial court.

_____
JOHN EVERETT WILLIAMS, JUDGE